WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nathan Daniel Ferr,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-08092-PCT-MTL<br><br>**ORDER** |

Pending before the Court is Plaintiff Nathan Daniel Ferr's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 29). The Motion is unopposed. (Doc. 31.) Section 406(b)(1) authorizes the recovery of reasonable attorney's fees from the award of past-due benefits.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

Plaintiff prevailed in his appeal to this Court from the administrative law judge's

decision. (Doc. 25.) The Social Security Administration ("SSA") calculated Plaintiff's past-due payments under disability insurance benefits as $42,677.70 (Doc. 30-1 at 6) and Plaintiff's child's benefits as $24,846.00 (*id.* at 15). The SSA withheld $10,669.43 from Plaintiff's disability insurance benefits (*id.* at 6) and withheld $5,553.75 from Plaintiff's child's benefits (*id.* at 15) to pay for potential attorney's fees. The withholding totaled $16,223.18.

Having successfully litigated this case, Plaintiff's Counsel seeks an award of $16,223.18. (Doc. 30 at 1.) The Court previously awarded Plaintiff $6,386.03 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 28.) Plaintiff's Counsel acknowledges that a § 406(b)(1) fee award must be offset by the previously awarded EAJA attorney's fees. (Doc. 30 at 2.)

The Court finds that the representation agreement between Plaintiff and his Counsel represents a lawful contingency fee agreement. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In that agreement, Plaintiff agreed to pay 25 percent of all past-due benefits and acknowledged that the Social Security Administration would withhold 25 percent of the past-due benefits to pay for attorney's fees. (Doc. 30-2 at 2, 3.) Counsel spent 27.9 hours resolving this case. (Doc. 30-3.) The Court further finds that the hourly rate of $581.48 for work performed before the District Court is a reasonable hourly rate considering the type of work, Counsel's experience, and the contingency nature of the fee agreement. The Court finds that the hours expended by Counsel at the District Court are reasonable. Finally, the Court finds that the requested fee award does not exceed the statutory cap of 25 percent of total past-due benefits.

Accordingly,

**IT IS ORDERED** that the Motion (Doc. 29) is **GRANTED**. Plaintiff's Counsel is awarded attorney's fees in the amount of $16,223.18 pursuant to 42 U.S.C. § 406(b)(1).

….

….

….

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall reimburse Plaintiff in the amount of $6,386.03, representing the EAJA fees previously awarded.

Dated this 22nd day of January, 2025.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge